UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER APPLE,<br><br>        Plaintiff,<br><br>    v.<br><br>IONPATH, INC., et al.,<br><br>        Defendants. | Case No. 25-cv-01472-SVK<br><br>**ORDER ON DEFENDANTS' MOTION TO COMPEL ARBITRATION AND DISMISS COMPLAINT**<br><br>Re: Dkt. No. 12 |

Plaintiff Jennifer Apple worked as Defendant Ionpath, Inc.'s Controller from approximately September 1, 2023 until August 22, 2024. Dkt. 1 ¶¶ 1, 12, 39-40. During Plaintiff's employment with Ionpath, Defendant Paul Davy held positions as Vice President of Customer Experience and, later, Chief Executive Officer. *Id.* ¶ 3. Plaintiff's complaint in this case asserts claims for discrimination based on race, national origin, and sex under federal and California law, claims for harassment and retaliation, claims for defamation, as well as other claims. Dkt. 1. All Parties have consented to the jurisdiction of a magistrate judge. Dkt. 8, 15.

Now before the Court is Defendants' motion to compel arbitration of this case pursuant to an arbitration provision in Ionpath's employment offer letter to Plaintiff, which Plaintiff signed, and to dismiss the case. Dkt. 12; *see also* Ex. A to Dkt. 12-2. This motion is suitable for determination without oral argument. Civ. L.R. 7-1(b). For the reasons that follow, the Court **DENIES** Defendants' motion.

I.    **LEGAL STANDARD**

The Federal Arbitration Act ("FAA") applies to written contracts "evidencing a transaction involving commerce." 9 U.S.C. § 2. Under the FAA, arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation

of any contract." 9 U.S.C. § 2. This provision reflects "both a liberal federal policy favoring arbitration, and the fundamental principle that arbitration is a matter of contract." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (quotation marks and citations omitted).

On a motion to compel arbitration, the Court's role under the FAA is "limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). "The final clause of § 2 [of the FAA], generally referred to as the savings clause, permits agreements to arbitrate to be invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability, but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." *Lim v. TForce Logistics, LLC*, 8 F.4th 992, 999 (9th Cir. 2021) (citation omitted). "[T]he party opposing arbitration bears the burden of proving any defense, such as unconscionability." *Id.* (citation omitted)

On a motion to compel arbitration, if the court is "satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4. Where the claims alleged in a complaint are subject to arbitration, the Court may stay the action pending arbitration. 9 U.S.C. § 3.

## II.    DISCUSSION

Ionpath's employment offer letter to Plaintiff, which Plaintiff signed, contains the following arbitration provision:

> **Arbitration**. You and the Company agree to submit to mandatory final and binding arbitration of any and all claims arising out of or related to your employment with the Company and the termination thereof, including, but not limited to, claims for unpaid wages, wrongful termination, torts, stock or stock options or other ownership interest in the Company, and/or discrimination (including harassment) based upon any federal, state or local ordinance, statute, regulation or constitutional provision except that each party may, at its, or her option, seek injunctive or other equitable relief in court related to the improper use, disclosure or misappropriation of the Company's proprietary, confidential or trade secret information or failure to assign inventions and intellectual property rights. All arbitration hearings shall be conducted in Santa Clara County, California. THE PARTIES HEREBY WAIVE

> ANY RIGHTS THEY MAY HAVE TO TRIAL BY JURY IN REGARD TO SUCH CLAIMS. This Agreement does not restrict your right to file administrative claims you may bring before any government agency where, as a matter of law, the parties may not restrict the employee's ability to file such claims (including, but not limited to, the National Labor Relations Board, the Equal Employment Opportunity Commission and the Department of Labor). However, the parties agree that, to the fullest extent permitted by law, arbitration shall be the exclusive remedy for the subject matter of such administrative claims. The arbitration shall be conducted through JAMS before a single neutral arbitrator, in accordance with the JAMS employment arbitration rules then in effect. The arbitrator shall issue a written decision that contains the essential findings and conclusions on which the decision is based. Judgment on the arbitrator's award will be final and binding upon the parties and may be entered in any court having jurisdiction thereof. The arbitrator's fees will be shared equally by the parties and each party will bear its own costs and attorneys' fees; provided that the arbitrator may in his or her discretion award to the prevailing party the costs and expenses incurred by the prevailing Party in connection with the arbitration proceeding. All papers, documents, or evidence, whether written or oral, filed with or presented in connection with the arbitration proceeding will be deemed by the parties and by the arbitrator to be confidential information of both parties.

Ex. A to Dkt. 12-2 at ¶ 8.

"Under California law, the party opposing arbitration bears the burden of proving that the arbitration provision is unenforceable," and "[t]he arbitration agreement must be both procedurally and substantively unconscionable at the time it was made to be unenforceable." *Lang v. Skytap, Inc.*, 347 F. Supp. 3d 420, 426-27 (N.D. Cal. 2018) (citations omitted). Procedural unconscionability "addresses the circumstances of contract negotiation and formation, focusing on oppression or surprise due to unequal bargaining power." *Id.* at 427 (quoting *Pinnacle Museum Tower Ass'n. v. Pinnacle Market Development*, 55 Cal. 4th 223, 246 (2012)). "Substantive unconscionability pertains to the fairness of an agreement's actual terms and to assessments of whether they are overly harsh or one-sided." *Lang,* 347 F. Supp. 3d at 428-29 (quoting *Pinnacle*, 55 Cal. 4th at 246). "[T]he more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." *Lang,* 347 F. Supp. 3d at 427 (citation omitted); *see also Armendariz v. Foundation Health Psychare Servcs., Inc.*, 24 Cal. 4th 83, 114 (2000).

Defendants' motion to compel arbitration acknowledges that the arbitration clause in the Parties' agreement contains a "sentence that states that the parties are to split the arbitration fees

3

equally" and expressly states that "Defendants concede that this provision is unenforceable." Dkt. 12 at 4-5; *see also id.* at 7 ("The agreement contains one unenforceable provision …"); Dkt. 22 at 3 ("the agreement admittedly contains one unenforceable provision …"). In Defendants' reply brief, they also concede that the fee-sharing provision is "the arbitration agreement's one unconscionable term." Dkt. 22 at 3. These repeated statements in Defendants' briefs are consistent with communications between counsel before the motion for arbitration was filed in which Plaintiff's counsel contended that the fee-sharing requirement violated California law, and Defendants' counsel responded by offering to sever the clause. *See* Ex. A to Dkt. 12-1. Defendants' reply brief appears to fault Plaintiff for failing to present any evidence of procedural unconscionability "other than the passing, unsworn statement in the opposition brief that Plaintiff is supposedly 'not fluent in English.'" Dkt. 22 at 2. However, in light of Defendants' repeated concessions that the fee-sharing provision is "unenforceable" and "unconscionable" and the focus in their motion on the severability of the provision, the Court concludes Plaintiff was not required to offer additional evidence to prove the point that Defendants had already conceded: that the fee-sharing clause is unconscionable and therefore unenforceable.

The Court now turns to the issues still in dispute, beginning with the issue of whether the fee-sharing clause should be severed and the rest of the arbitration agreement enforced.

### A.  Severability of fee-sharing provision

The Parties disagree about whether the unconscionable fee-sharing provision can be severed from the rest of the Parties' contract. "California law provides, as a general rule, that unlawful contractual provisions should be severed and the remainder of the contract enforced." *Ronderos v. USF Reddaway, Inc.*, 114 F.4th 1080, 1099 (9th Cir. 2024) (citing Cal. Civ. Code § 1599). However, California Civil Code § 1670.5(a) provides:

> If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result.

Cal. Civ. Code § 1670.5(a); *see also Ronderas*, 114 F.4th at 1099 ("The California Supreme Court

4

United States District Court
Northern District of California

has construed § 1670.5(a) as giving a trial court some discretion as to whether to sever or restrict the unconscionable provision or whether to refuse to enforce the entire agreement" (internal quotation marks and citations omitted)). "A court has discretion to refuse to enforce an entire arbitration clause, rather than strike the unconscionable provisions and enforce the remainder of the clause, if the entire arbitration clause is 'permeated' with unconscionability." *Gentry v. Empire Med. Training*, No. 13-CV-02254-WHO, 2013 WL 4647530, at *6 (N.D. Cal. Aug. 29, 2013) (quoting *Lhotka v. Geographic Expeditions, Inc.*, 181 Cal. App. 4th 816, 826 (2010)). One circumstance in which an arbitration agreement may be permeated with unconscionability is if it contains more than one unconscionable provision. *See Gentry*, 2013 WL 4647530, at *6 (quoting *Lhotka*, 181 Cal. App. 4th at 826).

Here, the Parties' agreement contains only one unconscionable clause: the fee-sharing provision. Other courts in this District have denied motions to compel arbitration under arbitration agreements that contain similar provisions for sharing arbitration fees. *See, e.g., Hale v. Brinker*, No. 21-cv-09978-VC, 2022 WL 2187397, at *1 (N.D. Cal. June 17, 2022); *see also Pappas v. AMN Healthcare Servs.,* 762 F. Supp. 3d 862, 877-78 (N.D. Cal. 2025). As the court in *Hale* explained:

> Even though the cost-splitting provision is the only substantively unconscionable provision of the agreement, it remains consequential. Cost-and fee-shifting provisions can create a chilling effect, discouraging employees from vindicating their rights for fear that failure will prove cripplingly expensive. If employees think they must split the costs of arbitration, which can easily run in the thousands of dollars, they may (and often will) simply decline to bring claims in the first place. Even more so where employees lack deep pockets and seek to bring claims for wage and hour violations, which risks loss of employment or harm to future employment prospects. Were courts to excise those provisions and enforce arbitration agreements anyway, employers would have no incentive not to chill claims by including cost-shifting provisions in arbitration agreements. Even absent other unconscionable terms, therefore, under these circumstances the cost-shifting provision at issue is reason enough to decline to enforce the agreement and deny Brinker's motion to compel arbitration.

*Hale*, 2022 WL 2187397, at *1 (citations omitted); *see also Pappas,* 762 F. Supp. 3d at 877-78 (agreeing with *Hale* and declining to sever unconscionable fee-shifting provision).

The concerns expressed by the courts in *Hale* and *Pappas* are particularly salient in this

5

1    case. The unconscionable fee-sharing clause was in an employment offer letter sent to Plaintiff on
2    or about August 29, 2023. *See* Dkt. 12-2 ¶¶ 6 and Ex. A thereto. Defendants asked Plaintiff to
3    sign the arbitration agreement including the fee-sharing clause ***more than 23 years*** after the
4    California Supreme Court held that "when an employer imposes mandatory arbitration as a
5    condition of employment, the arbitration agreement or arbitration process cannot generally require
6    the employee to bear any *type* of expense that the employee would not be required to bear if he or
7    she were free to bring the action in court." *Armendariz*, 24 Cal. 4th at 110-11 (emphasis in
8    original). Where, as here, the employer included "a fee-splitting provision that has been
9    impermissible under *Armendariz* for more than two decades," the Ninth Circuit has held that a
10   district court was "well within its discretion to conclude that severance was not appropriate."
11   *Reyes v. Hearst Comms., Inc.*, No. 21-16542, 2022 WL 2235793, at *2 (9th Cir. 2022) (*Reyes II*).

12        In this case, Defendants did not offer to remove the unconscionable term until Plaintiff
13   filed suit and her counsel pointed out that the clause violated California law. *See* Ex. A to
14   Dkt. 12-1. Although the Court recognizes that Defendants' counsel acted with candor in
15   acknowledging in the motion to compel arbitration that the fee-sharing provision was
16   unenforceable, that does not remedy Defendants' decision to include the unenforceable provision
17   in the arbitration clause in the first place. In his declaration filed in support of Defendants' motion
18   to compel arbitration, Ionpath's former CEO states that the company had a "policy to enter into
19   binding arbitration agreements with its employees." Dkt. 12-2 ¶ 5. The Court shares the concerns
20   of the courts in *Reyes, Hale, Pappas*, and other cases that the mere presence of the unconscionable
21   fee-sharing clause in Ionpath's employment agreements may have deterred other employees from
22   pursuing claims against the company. The Ninth Circuit has "expressly recognized that district
23   courts properly deny a request to sever an unconscionable term if [severing the term] would
24   encourage persons to 'overreach' when drafting an agreement with the fallback expectation that
25   they could later 'whittle down to the least offensive argument if faced with litigation.'" *Reyes v.*
26   *Hearst Comms., Inc.*, No. 21-cv-03362-PJH, 2021 WL 3771782, at *4 (N.D. Cal. Aug. 24, 2021)
27   (*Reyes I*), *aff'd*, 2022 WL 2235793 (quoting *Lim*, 8 F.4th at 1006). That appears to be what
28   happened here: Ionpath included an unconscionable provision in its arbitration agreement and did

not attempt to remove the offensive clause until confronted by the attorney for a former employee who had initiated litigation against the company.

In the circumstances of this case, where the employer has "overreached" by including a provision in an arbitration agreement that has been unenforceable for decades with the possible chilling effect on employees who want to pursue claims against the employer, the Court exercises its discretion to deny Defendants' request to sever the fee-sharing provision from the rest of the arbitration agreement. *See* Cal. Civ. C. § 1670.5(a). Defendants' motion to compel arbitration and dismiss the case is **DENIED**.

### B.     Other Issues

Because the Court will not compel arbitration, it need not resolve the Parties' disagreement over whether the arbitration agreement extends to all of Plaintiff's claims in this case. *See* Dkt. 19 at 5-7; Dkt. 22 at 3-4. The Court also does not decide whether Defendants' request to dismiss the complaint rather than stay the case pending arbitration is appropriate. *See* Dkt. 12 at 7; *see* generally *Smith v. Spizzirri*, 601 U.S. 472 (2024).

### III.    CONCLUSION

For the reasons discussed, the Court **DENIES** Defendants' motion to compel arbitration and **FURTHER ORDERS** as follows:

- Defendants' response to the Complaint is due **June 30, 2025**.
- The Court will hold an Initial Case Management Conference on **August 12, 2025 at 9:30 a.m.** A Joint Case Management Statement is due **August 5, 2025.**

**SO ORDERED.**

Dated: June 13, 2025

SUSAN VAN KEULEN
United States Magistrate Judge